# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL J. CHOMOS,** | : | CIVIL ACTION NO. 1:09-CV-0759 |
| Petitioner, | : | (Judge Conner) |
| v. | : | |
| **T.R. SNIEZEK, Warden,** | : | |
| Respondent | : | |

## **MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by petitioner Michael J. Chomos ("Chomos"), challenging his unconstitutional federal conviction. He has paid the requisite filing fee. (Doc. 4.) For the reasons that follow, the petition will be dismissed for lack of jurisdiction.

## I.     Background

In February, 2008, Chomos was named in a four count indictment in the United States District Court for the Northern District of Ohio. (Doc. 1.) In July, 2008, after entering into a plea of guilty to Count four of the indictment, he was sentenced to a term of incarceration of twenty-four months, followed by a twenty-four month period of supervision and was ordered to pay restitution in the amount of $61,004.28. (Id.)

On March 24, 2009, Chomos filed a "motion for early release" in the United States District Court for the Northern District of Ohio. (See electronic docket sheet, United States of America v. Chomos, #: 4:08-cr-00092-JG-1, U.S. District

Court for the Northern District of Ohio (Youngstown), Doc. 23.) On March 30, 2009, an order was issued by the district court judge instructing the Federal Public Defender to review Chomos's motion for sentence reduction. (Id. at Doc. 27.) On that same date, counsel entered an appearance on Chomos's behalf. (Id. at 28.) There has been no further activity on the district court docket since that date.

On April 22, 2009, Chomos filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**II. Discussion**

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings

2

render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).

In the case *sub judice*, Chomos has not pursued relief *via* 28 U.S.C. § 2255. As noted above, he may not raise his present claims in a § 2241 petition without establishing that the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Clearly he is unable to establish inadequacy or ineffectiveness as he has not yet completed the collateral remedy process. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. Consequently, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order will issue.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: May 6, 2009

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL CHOMOS,** | : | CIVIL ACTION NO. 1:09-CV-0759 |
| Petitioner, | : | (Judge Conner) |
| v. | : | |
| **T.R. SNIEZEK**, Warden, | : | |
| Respondent | : | |

## **ORDER**

AND NOW, this 6th day of May, 2009, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED for lack of jurisdiction.

2. The Clerk of Court is directed to CLOSE this case.


    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge